UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICKEL WATSON,

    Plaintiff,

v.                                               Case No: 2:19-cv-65-JLB-NPM

K. WILLIAMS, S. MILIKEN, and
MARK S. INCH,

    Defendants.
_____/

## ORDER

Before the Court is Defendants K. Williams and Mark S. Inch's motion to dismiss. (Doc. 30.) After careful review of the limited record before this Court in this early stage of litigation, and Plaintiff Mickel Watson's responses in opposition, (Docs. 32, 35, titled as "Objections"), the Court **GRANTS** the motion to dismiss (Doc. 30) and **DISMISSES** the complaint (Doc. 1) with leave to amend.

### BACKGROUND

Mr. Watson, proceeding pro se, is a prisoner in the custody of the Florida Department of Corrections ("FDOC"). As best the Court can glean from the complaint, the events described in the complaint (Doc. 1) occurred while Mr. Watson was an inmate at the Charlotte Correctional Institution and the Desoto Correctional Institution. He sues S. Miliken, Williams, and Inch[1] in connection

---

[1] Mr. Watson named Julie L. Jones in the complaint, in her official capacity as the Secretary of the FDOC. Inch replaced Jones as Secretary of the FDOC and therefore all allegations against Jones in her official capacity as Secretary will be considered allegations against Inch in his official capacity.

with a stabbing incident and alleged mishandling of a grievance relating to a purportedly fraudulent disciplinary report. Miliken is an employee of the FDOC. Williams is the acting warden of Charlotte Correctional Institution. Inch is the Secretary of the FDOC.

Although the complaint's exhibits call into question the timeline of events, Mr. Watson alleges in his complaint—and the Court assumes as true all non-conclusory allegations for the purposes of evaluating a motion to dismiss—that the events giving rise to the complaint began with his stabbing. Specifically, Anthony Johnson, another inmate at Charlotte Correctional Institution, allegedly stabbed Mr. Watson in the face, ribs, and knee in July of 2018. (Doc. 1 at 3.) At the time of the stabbing, Mr. Watson was picking up food at the Institution's culinary department as part of his work assignment. (Id. at 3, 7.) As alleged in the complaint, a supervising officer accompanying Mr. Watson appears to have been just outside the room when Johnson allegedly stabbed Mr. Watson. (Id. at 3.) Apparently, there was no reason for Johnson to be in the culinary department, and Mr. Watson blames Defendants for allowing that to happen. (Id. at 4.) He claims Defendants should have known Johnson was a "gang banger" inmate and therefore should have better maintained his safety and security. (Id.) Mr. Watson does not allege how Defendants should have known Johnson presented a danger to him.

After the stabbing, Mr. Watson was transferred to Desoto Annex, where he was assigned a bunk bed that required him to climb stairs. (Id. at 4.) Mr. Watson claims he needed a bottom bunk because of the stabbing-related injury to his knee.

(Id.)  While using the top bunk, Mr. Watson fell down at least twelve steps.  (Id.)  Although somewhat unclear from the complaint, Mr. Watson seems to suggest this upstairs bunk assignment constitutes deliberate indifference to his medical needs because he required a lower bunk.

Mr. Watson alleges Defendants planted unauthorized narcotics in his assigned living area while Mr. Watson was in the hospital.  (Id. at 5.)  Mr. Watson further claims Defendants put these drugs in his living area and falsified a disciplinary report to cover up their role in the stabbing of Mr. Watson.  (Id. at 7–8.)  Yet it appears the referenced narcotics disciplinary report is from June 2018— before the subject stabbing.  (Id. at 3, 5; Doc. 1-1.)

Mr. Watson attempts to separate his claims by count in the "Legal Claims" section of his complaint.  (Doc. 1 at 7–9.)  This section includes subsections numbered 1, 2, and 4.  There is no "3."  (Id.)  The allegations are jumbled together though.  They do not clearly describe the elements of each claim and the respective Defendant being sued, but Mr. Watson appears to try to assert claims for: (a) violation of the Eighth and Fourteenth Amendments against Inch, Miliken, and Williams for failure to maintain a safe and secure correctional environment, (b) violation of the Eighth and Fourteenth Amendments against Inch, Miliken, and Williams for allowing violence against him by failing to properly secure the institution, (c) Williams's forgery of Mr. Watson's disciplinary report, and (d) violation of the Eighth and First Amendments against Miliken and Inch for failing to properly respond to his grievances and interfering with grievance deadlines

3

applicable to him by transferring him to the Desoto Correctional Institution Annex. (Id.)  As relief, Mr. Watson seeks: (a) a declaratory judgment that Defendants' actions violated his First, Eighth, and Fourteenth Amendment rights, (b) a preliminary and permanent injunction enjoining Defendants from retaliating against Mr. Watson, (c) $2.5 million in compensatory damages, and (d) $50,000 in punitive damages.  (Id. at 9–10.)

Defendants moved to dismiss, arguing: (a) Mr. Watson failed to exhaust his administrative remedies, (b) his claims are barred by the Heck[2] Doctrine, (c) he failed to state a claim, and (d) immunities bar Mr. Watson's claims.  (Doc. 30.)  In support, Defendants filed the affidavit of Ashley Stokes, an FDOC employee who verified various documents relating to Mr. Watson's past grievances and appeals.  (Doc. 31.)  In response, Mr. Watson filed two documents titled, "Plaintiff Watson's Objection to Defendant Williams and Inch's Motion to Dismiss with Prejudice and Memorandum of Law." (Docs. 32, 35.)  From the Court's review, it appears these documents are identical.  For simplicity's sake, the Court will cite to the first-filed response (Doc. 32) in this Order.

## LEGAL STANDARD

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 30.)  In deciding a Rule 12(b)(6) motion, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Sec., Inc., 358

---

[2] Heck v. Humphrey, 512 U.S. 477 (1994).

4

F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). But no presumption of truth attaches to conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). When documents attached to or referenced in the complaint contradict general and conclusory allegations, the outside document governs. Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009). When a plaintiff relies on documents to support a claim or part of a claim, dismissal is appropriate if a complaint's attachment or referenced document in a complaint negates the claim. Id.

"A plaintiff, however, 'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice' where a more carefully drafted complaint might state a claim." Johnson v. Boyd, 568 F. App'x. 719, 724 (11th Cir. 2014) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir.2002) (en banc)).

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun pleadings." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313,

1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." Id. at 1323. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. (footnote omitted). Whenever a party files a shotgun pleading, courts should require the plaintiff to replead. Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127–28 (11th Cir. 2014). Pro se complaints are held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). Still, district courts may dismiss shotgun complaints even when filed by a pro se party. See Weiland, 792 F.3d at 1320–23 (explaining shotgun pleadings and collecting those cases).

Against this backdrop, the Court finds that Mr. Watson's complaint is a textbook shotgun pleading. Mr. Watson does not properly separate his claims into counts, seeks relief against all Defendants without specifying which Defendant is named in each count, and seemingly incorporates multiple claims into a single, vague count seeking various types of relief. It is unclear, conclusory, and violates the Federal Rules of Civil Procedure. Moreover, Mr. Watson does not describe how Defendants satisfy the elements of each count such that Defendants have proper notice of the conduct and claims alleged. But, most importantly, it fails to place each Defendant on notice of the particular claim(s) against him. See Weiland, 792 F.3d at 1322–23 & n.13 ("The third type of shotgun pleading is one that commits the

sin of not separating into a different count each cause of action or claim for relief.") (citing Cole v. United States, 846 F.2d 1290, 1293 (11th Cir. 1988) (labeling as a shotgun pleading a complaint that set forth, in one count, every act, [regardless of which defendant committed the act], which, in the pleader's mind, may have had a causal relationship to the [injury]) (internal quotation omitted; modifications in original)).

All this said, the Court will permit Mr. Watson to amend his complaint. But any amended complaint—if Mr. Watson chooses to file one—must comply with the Federal Rules of Civil Procedure. Mr. Watson must put Defendants on notice of the claims against them by describing the claims with sufficient detail to allow each Defendant to understand the claims against him by reading the complaint.

Likewise, conclusory allegations do not suffice. Mr. Watson should describe the actionable conduct of each Defendant and allege how that conduct has caused injury to Mr. Watson. The allegations should be made in <u>consecutively numbered paragraphs</u>. The claims and allegations against each Defendant should be <u>separated by count</u> in a manner that helps a reader easily understand the allegations made against each Defendant. Filing another complaint that incorporates all allegations from each count against each Defendant or that fails to describe which claims are made against which Defendant will lead to dismissal.

Because the Court is dismissing the complaint on shotgun pleading grounds, the Court need not address Defendants' other arguments for dismissal. Mr. Watson will be given one final opportunity to properly plead each cause of action. As

7

currently pleaded, his complaint does not properly state any cause of action against any Defendant. Defendants may re-raise their remaining arguments for dismissal (failure to exhaust administrative remedies, claims barred by Heck, failure to state a cause of action, and immunity) if Mr. Watson chooses to file an amended complaint.

Finally, although the Court need not address any deficiency in the grievance process now, the Court reminds Mr. Watson that certain grievance procedures filed with the administration of the FDOC may be an alternative or prerequisite to seeking relief from the Court.

Accordingly, it is now **ORDERED**:

1. Defendants' motion to dismiss (Doc. 30) is **GRANTED**.

2. Mr. Watson's complaint (Doc. 1) is **DISMISSED as a shotgun pleading without prejudice** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure with leave to file an amended complaint.

3. Mr. Watson may file an amended complaint **on or before April 15, 2021**. **Failure to timely file an amended complaint will cause this file to be closed without further notice**.

**ORDERED** in Fort Myers, Florida on March 17, 2021.

*/s/ John L. Badalamenti*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE